# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-50897
consolidated with
No. 22-50898
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
July 10, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Iker Fabricio Mendez-Alfaro,

*Defendant—Appellant*.

_____

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 4:19-CR-642-4, 4:22-CR-243-1

_____

Before Davis, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Iker Fabricio Mendez-Alfaro appeals his conviction and sentence for illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2) as well as the judgment revoking his supervised release for a prior offense. He has not briefed, and has therefore abandoned, any challenge to the revocation of

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

22-50897
c/w No. 22-50898

supervised release or to the revocation sentence. *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010).

Mendez-Alfaro contends that the enhancement of his illegal-reentry sentence pursuant to § 1326(b) is unconstitutional because the fact of a prior conviction was not charged and proved beyond a reasonable doubt. He has filed a letter brief and an unopposed motion for summary affirmance in which, explaining that he seeks to preserve the issue for further review, he concedes this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). Because Mendez-Alfaro is correct that his argument his foreclosed, *see United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019), summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

For these reasons, Mendez-Alfaro's motion is GRANTED, and the judgments of the district court are AFFIRMED.